**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Instrument Panel Clusters Cases | |
| THIS DOCUMENT RELATES TO: | |
| All Direct Purchaser Actions | 2:12-cv-00201-MOB-MKM |

**RESPONSE OF NON-SETTLING DEFENDANTS TO MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED SETTLEMENT WITH DEFENDANTS NIPPON SEIKI
CO., LTD., N.S. INTERNATIONAL, LTD., AND NEW SABINA INDUSTRIES, INC.
AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT
PURCHASER SETTLEMENT CLASS [ECF No. 83]**

The Yazaki and DENSO Defendants (collectively, the "Non-Settling Defendants") submit the following statement in response to the Motion for Preliminary Approval of Proposed Settlement with Defendants Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina Industries, Inc. [collectively, "Nippon Seiki"], and for Authorization to Disseminate Notice to the Direct Purchaser Settlement Class (No. 12-cv-00201, ECF No. 83) ("Motion") filed by Direct Purchaser Plaintiff ("Plaintiff") on April 9, 2014, in the above-captioned action. As part of the settlement process, Plaintiff asks the Court, among other things, to (1) certify a "Settlement Class" that is consistent with the purported class on whose behalf Plaintiff has brought claims against all of the Defendants, and to (2) require all defendants, settling and Non-Settling, to provide certain information about potential members of the Settlement Class within 21 days after entry of an order preliminarily approving the proposed settlement, if any. Non-Settling Defendants address these two aspects of Plaintiff's proposed settlement below.

**A.    Any Order Preliminarily Or Finally Approving The Proposed Settlement Should Include The Language Set Forth In Paragraphs 8 And 20 of Plaintiffs' Proposed Orders Preliminarily And Finally Approving The Settlement, Respectively.**

The Non-Settling Defendants expect to contest a motion for class certification once that motion becomes ripe for consideration on a fully formed record. The Non-Settling Defendants expect to demonstrate that legal and factual issues differ across the range of the various purported class members, that those individual issues predominate over common issues, and that such individual issues will render trial on a class basis unmanageable, such that the class will not meet the certification requirements of Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff's Motion, and more importantly, its Proposed Orders, recognize that the question of class certification of a litigation class will be hotly contested. To avoid a premature dispute

and allow its purported settlement class to proceed, Plaintiff has included the following language

in its Proposed Order Granting Preliminary Approval of Proposed Settlement:

> The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendants to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

(Proposed Order Granting Preliminary Approval of Proposed Settlement with Nippon Seiki

Defendants and Authorizing Dissemination of Notice to Direct Purchaser Settlement Class at

¶ 20, No. 12-cv-00201, ECF No. 83-3.)  Plaintiff has included almost identical language in its

Proposed Order and Final Judgment:

> The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Defendants to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

(Proposed Order and Final Judgment at ¶ 8, No. 12-cv-00201, ECF No. 83-4.)  The Non-Settling

Defendants specifically endorse these provisions and request that they be included in any

resulting Orders if the Court should decide to preliminarily or finally approve the proposed

settlement.

    If the Court were to decide not to include such language, Non-Settling Defendants hereby

move for the additional and necessary time needed to take discovery and develop the factual

record necessary to present a fully briefed motion on class certification to the Court.

**B.     The Non-Settling Defendants Should Be Given 90 Days To Provide The Requested Name And Address Information.**

As part of its proposed settlement with Nippon Seiki, Plaintiff proposes a schedule for final approval of its settlement that includes the following:  "Within twenty-one (21) days of the date of entry of the Preliminary Approval Order, all defendants shall provide the names and addresses, and electronic mail addresses, of the potential members of the Settlement Class to Plaintiff's Counsel, to the extent they are identifiable through reasonable efforts."  (Motion at 5, and Ex. 2 to Motion at ¶ 10.)  The settling parties included this provision without making any effort to confer with the Non-Settling Defendants affected by the proposed provision.  While Non-Settling Defendants acknowledge the settling parties' need for the data, Non-Settling Defendants request that they be given 90 days from the date of entry of a Preliminary Approval Order, if any, to produce the requested information.[1]  In addition, Non-Settling Defendants' obligation to produce the requested names, addresses, and electronic mail addresses of the potential members of the Settlement Class should be limited to information maintained in central data sources, i.e., centralized, structured databases against which queries can be run and from which large data extracts can be made with reasonable effort and expense.

---

[1] Non-Settling Defendants' request extends Plaintiff's proposed deadline to produce the requested names, addresses, and electronic mail addresses by 69 days.  Because nearly all of the subsequent tasks outlined in Plaintiff's proposed schedule for final approval of its settlement cannot be completed until Plaintiff receives this information (*see* Motion at 5-6, and Ex. 2 to Motion at ¶¶ 11-18), each subsequent deadline should also be increased 69 days.

Respectfully submitted,

Dated:  April 29, 2014                    JONES DAY

                                          By:    */s/ John M. Majoras*_____
                                                 John M. Majoras
                                                 Carmen G. McLean
                                                 Tiffany D. Lipscomb-Jackson
                                                 JONES DAY
                                                 51 Louisiana Ave. N.W.
                                                 Washington, D.C. 20001-2113
                                                 Telephone (202) 879-3939
                                                 Fax (202) 626-1700
                                                 jmmajoras@jonesday.com
                                                 cgmclean@jonesday.com
                                                 tdlipscombjackson@gmail.com

                                                 Michelle K. Fischer
                                                 Stephen J. Squeri
                                                 JONES DAY
                                                 North Point
                                                 901 Lakeside Avenue
                                                 Cleveland, OH 44114
                                                 Tel. (216) 586-3939
                                                 Fax (216) 579-0212
                                                 mfischer@jonesday.com
                                                 sjsqueri@jonesday.com

                                                 *Attorneys for Defendants Yazaki Corporation*
                                                 *and Yazaki North America, Inc.*

Dated:  April 29, 2014

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   */s/ Steven F. Cherry* (w/ consent)
       Steven F. Cherry
       David P. Donovan
       WILMER CUTLER PICKERING HALE
       AND DORR LLP
       1875 Pennsylvania Avenue, NW
       Washington, DC  20006
       (202) 663-6000
       (202) 663-6363 (facsimile)
       steven.cherry@wilmerhale.com
       david.donovan@wilmerhale.com

       *Counsel for Defendants DENSO International*
       *America, Inc. and DENSO Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 29, 2014, I caused the foregoing **RESPONSE OF NON-SETTLING DEFENDANTS TO MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DEFENDANTS NIPPON SEIKI CO., LTD., N.S. INTERNATIONAL, LTD., AND NEW SABINA INDUSTRIES, INC. AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER SETTLEMENT CLASS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John M. Majoras*
John M. Majoras
