**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re: INSTRUMENT PANEL CLUSTERS | |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00201-MOB-MKM |

**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**
**WITH YAZAKI DEFENDANTS AND FOR PROVISIONAL**
**CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASS**

Direct Purchaser Plaintiff hereby moves the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement with Defendants Yazaki Corporation and Yazaki North America, Inc. (collectively, "Yazaki"), and for provisional certification of a Direct Purchaser Settlement Class. In support of this motion, Plaintiff relies on the accompanying brief, which is incorporated by reference herein.

The parties do not request a hearing for this motion. Yazaki consents to this motion and to the entry of the proposed order preliminarily approving the proposed settlement and provisionally certifying the Yazaki Settlement Class.

DATED: March 8, 2017               Respectfully submitted,

                                     /s/David H. Fink
                                 David H. Fink (P28235)
                                 Darryl Bressack (P67820)
                                 Nathan J. Fink (P75185)
                                 FINK + ASSOCIATES LAW
                                 38500 Woodward Ave; Suite 350
                                 Bloomfield Hills, MI 48304
                                 (248) 971-2500

                                 *Interim Liaison Counsel for the Direct*
                                 *Purchaser Plaintiff*

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | One South Broad Street, Suite 2100 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19107 |
| Bannockburn, IL  60015 | Telephone: (215) 238-1700 |
| Telephone: (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | SPECTOR ROSEMAN KODROFF |
|   & PACHIOS LLP |   & WILLIS, P.C. |
| One City Center, P.O. Box 9546 | 1818 Market Street, Suite 2500 |
| Portland, ME  04112-9546 | Philadelphia, PA  19103 |
| Telephone: (207) 791-3000 | Telephone: (215) 496-0300 |

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re: INSTRUMENT PANEL CLUSTERS | |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00201-MOB-MKM |

## BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH YAZAKI DEFENDANTS AND FOR PROVISIONAL CERTIFICATION <u>OF DIRECT PURCHASER SETTLEMENT CLASS</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

STATEMENT OF ISSUES PRESENTED.................................................................. v

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................ vi

INTRODUCTION ...................................................................................................... 1

I.      BACKGROUND ............................................................................................ 1

II.     TERMS OF THE SETTLEMENT AGREEMENT ......................................... 2

        A.      The Direct Purchaser Yazaki Settlement Class ................................. 2

        B.      The Settlement Amount ..................................................................... 3

        C.      Release ............................................................................................... 3

        D.      Cooperation........................................................................................ 4

III.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED
        .......................................................................................................................... 5

        A.      The Governing Standards. ................................................................. 5

        B.      The Proposed Settlement is Fair and Within The Range of Possible Approval. .... 6

        C.      Consideration of Final Approval Criteria Supports Preliminary Approval. ........... 7

                1.      The Likelihood of Plaintiff's Success on the Merits Weighed Against the
                        Amount and Form of the Relief Offered in the Settlement Supports
                        Approval. ............................................................................... 9

                2.      The Complexity, Expense, and Likely Duration of Continued Litigation
                        Favor Approval. .................................................................... 10

                3.      The Judgment of Experienced Counsel Supports Approval. .................... 11

                4.      The Amount of Discovery Completed and the Character of the Evidence
                        Uncovered Are Sufficient. ..................................................... 12

                5.      The Reaction of Class Members. ............................................. 12

                6.      The Settlement Agreement is the Product of Arm's-Length Negotiations.
                        ................................................................................................ 13

                7.      The Settlement is Consistent With the Public Interest............................. 13

IV.     PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER
        SETTLEMENT CLASS IS WARRANTED ..................................................... 13

        A.      The Proposed Direct Purchaser Settlement Class Satisfies Rule 23(a). ............... 14

                1.      The Settlement Class is Sufficiently Numerous. ..................................... 14

                2.      There are Common Questions of Law and Fact. ..................................... 15

                3.      Plaintiff's Claims are Typical of Those of the Settlement Class. ............. 16

    4.     Plaintiff Will Fairly and Adequately Protect the Interests of the Settlement Class. ................................................................................................ 17

  B.    Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes. ..................................................................................... 18

    1.     Common Legal and Factual Questions Predominate. .............................. 18

    2.     A Class Action is Superior to Other Methods of Adjudication. ............... 19

V.    CONCLUSION ............................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**

*Barry v. Corrigan*, 79 F. Supp. 3d 712 (E.D. Mich. 2015).................................................. 15, 16

*Beattie v. CenturyTel, Inc.,* 511 F.3d 554 (6th Cir. 2007) ........................................... 18

*Berry v. Sch. Dist. of City of Benton Harbor,* 184 F.R.D. 93 (W.D. Mich. 1998) ................... 6, 8

*Carson v. Am. Brands, Inc.,* 450 U.S. 79 (1981) ........................................................ 8

*Date v. Sony Electronics, Inc.,* No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) .. 11, 14, 16

*Dick v. Sprint Commc'ns,* 297 F.R.D. 283 (W.D. Ky. 2014)............................................ 7

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.,* No. 10-cv-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ........................................................... 15

*Ford v. Fed.-Mogul Corp.,* No. 2:09-CV-14448, 2015 WL 110340 (E.D. Mich. Jan. 7, 2015) ... 9, 11

*Gautreaux v. Pierce*, 690 F.2d 616 (7th Cir. 1982) ................................................... 6

*Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203 (6th Cir. 1992) ................................. 6, 13

*Hoving v. Lawyers Title Ins. Co.,* 256 F.R.D. 555 (E.D. Mich. 2009) .............................. 18

*In re Am. Med. Sys., Inc.,* 75 F.3d 1069 (6th Cir. 1996) ............................................ 15

*In re Auto. Refinishing Paint Antitrust Litig.,* 617 F. Supp.2d. 336 (E.D. Pa. 2007) ............ 7

*In re Cardizem CD Antitrust Litig,* 200 F.R.D. 297 (E.D. Mich. 2007) ............................. 20

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,* No. 3:08–MD-01998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ............................................................. 7

*In re Flat Glass Antitrust Litig.,* 191 F.R.D 472 (W.D. Pa. 1999) ............................... 15, 16

*In re Flonase Antitrust Litig.,* 284 F.R.D. 207 (E.D. Pa. 2012)..................................... 20

*In re Global Crossing Sec. & ERISA Litig.,* 225 F.R.D. 436 (S.D.N.Y.2004) ...................... 12

*In re Linerboard Antitrust Litig.,* 292 F. Supp. 2d 631 (E.D. Pa. 2003)........................ 6, 7, 10

*In re NASDAQ Market-Makers Antitrust Litig.,* 169 F.R.D. 493 (S.D.N.Y 1996)................. 20

*In re Polyurethane Foam Antitrust Litig.,* No. 1:10 MD 2196, 2015 WL 1639269 (N.D. Ohio Feb. 26, 2015) ................................................................................................ 9

*In re Pressure Sensitive Labelstock Antitrust Litig.,* 584 F. Supp. 2d 697 (M.D. Pa. 2008) ......... 7

*In re Southeastern Milk Antitrust Litig.,* No. 2:07- CV-208, 2013 WL 2155379 (E.D. Tenn. May 17, 2013) .......................................................................................................... 7

*In re Southeastern Milk Antitrust Litig.,* No. 2:07-CV-208, 2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) ...................................................................................................... 18

*In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985 (S.D. Ohio 2001) ...................... passim

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.,* No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006) ...................................... passim

*Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007 (E.D. Mich. 2005) ......................... 8

*Marsden v. Select Medical Corp.,* 246 F.R.D. 480 (E.D. Pa. 2007)................................. 15

*Olden v. Gardner*, 294 Fed. Appx. 210 (6th Cir. 2008) ............................................. 8

*Paper Systems Inc. v. Mitsubishi Corp.,* 193 F.R.D. 601 (E.D. Wisc. 2000) ..................... 20

*Senter v. Gen. Motors Corp.,* 532 F.2d 511 (6th Cir. 1976) ...................................... 17

*Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) ................................................................................................ 17

*Sprague v. General Motors Corp.,* 133 F.3d 388 (6th Cir. 1998) ................................ 14, 15, 16

*Thacker v. Chesapeake Appalachia, LLC,* 259 F.R.D. 262 (E.D. Ky. 2009) ...................... 14

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)........................................ 9, 16
*UE-CWA v. General Motors Corp.*, 238 F.R.D. 583 (E.D. Mich. 2006)........................ 9
*Van Horn v. Trickey,* 840 F.2d 604 (8th Cir. 1988)...................................................... 8
*Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)...................................... 6, 8, 10, 11

**Rules**
Fed. R. Civ. P. 23(a) ......................................................................................... 14
Fed. R. Civ. P. 23(a)(1)................................................................................. 14, 15
Fed. R. Civ. P. 23(a)(2)................................................................................. 15, 16
Fed. R. Civ. P. 23(a)(3)...................................................................................... 16
Fed. R. Civ. P. 23(a)(4)...................................................................................... 17
Fed. R. Civ. P. 23(b) ........................................................................................... 18
Fed. R. Civ. P. 23(b)(3)....................................................................................... 19
Fed. R. Civ. P. 23(e)(2)...................................................................................... 6, 8

**Treatises**
4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992) .................................. 15
*Manual For Complex Litig. (Fourth)* § 21.63 (2004) ............................................. 5
*Manual for Complex Litig. (Second)* § 30.44 (1985)............................................. 5
*Manual for Complex Litig. (Third)* § 30.42 (1995) .............................................. 8

## STATEMENT OF ISSUES PRESENTED

1. Whether the proposed settlement between the Direct Purchaser Plaintiff and Yazaki Corporation and Yazaki North America, Inc. (collectively, "Yazaki"), as set forth in the Settlement Agreement between the Direct Purchaser Plaintiff and Yazaki (attached hereto as Exhibit 1), is sufficiently fair, reasonable and adequate to warrant preliminary approval;

2. Whether the Court should provisionally certify a Yazaki Settlement Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the settlement; and

3. Whether the Court should appoint Plaintiff ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman, LLC as the Settlement Class representative, and appoint Interim Co-Lead Counsel for the Direct Purchasers as Class Counsel for the Yazaki Settlement Class ("Settlement Class Counsel").

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
     521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.*, 12-MD-02311, 2:12-cv-00103, Doc. No. 497 (E.D. Mich.
     June 20, 2016)

*Date v. Sony Electronics, Inc.*,
     No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.*,
     No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
     218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
     248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
     No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
     No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
     527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
     722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
     No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Sheick v. Auto. Component Carrier LLC*,
     No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
     133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
     137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
     497 F.3d 615 (6th Cir. 2007)

## INTRODUCTION

Plaintiff ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman, LLC (hereinafter, "Direct Purchaser Plaintiff" or "Plaintiff"), on behalf of a Settlement Class comprised of direct purchasers of Instrument Panel Clusters[1] in the United States, has reached a settlement with Yazaki Corporation and Yazaki North America, Inc. (collectively, "Yazaki"). Under the terms of the proposed settlement (attached as Exhibit 1), Yazaki will pay $7,700,000 and provide cooperation to assist Plaintiff in the prosecution of the claims against the remaining non-settling Defendants: Continental Automotive Electronics LLC, Continental Automotive Korea Ltd. and Continental Automotive Systems, Inc. (collectively, "Continental"); Denso Corporation and Denso International America, Inc (collectively, "Denso") (Denso and Continental collectively are "non-settling Defendants").

This is the second settlement in Direct Purchaser Plaintiff's Instrument Panel Clusters case. In 2014, the Court previously entered an order granting final approval to a $5.25 million settlement Plaintiff reached with Nippon Seiki Co. Ltd., N.S. International Ltd. and New Sabina Industries, Inc. (collectively, "Nippon Seiki"). (2:12-cv-00201-MOB-MKM, Doc. No. 91).

Plaintiff respectfully moves this Court for an order provisionally certifying the Yazaki Settlement Class and preliminarily approving the proposed settlement with Yazaki.

## I.  BACKGROUND

On February 8, 2012, Plaintiff filed a class action lawsuit against Yazaki on behalf of a class of direct purchasers of Instrument Panel Clusters, alleging that Yazaki engaged in a continuing conspiracy to rig bids and fix, raise, maintain, or stabilize prices at supra-competitive levels for Instrument Panel Clusters sold in the United States. Plaintiff further alleged that the proposed class paid artificially inflated prices for Instrument Panel Clusters and suffered antitrust injury to their

---

[1] For purposes of the settlement, Instrument Panel Clusters means the mounted array of instruments and gauges housed in front of the driver of a motor vehicle; they are also known as meters.

1

business or property in violation of the federal antitrust laws. Pursuant to an order dated August 7, 2012, the Court appointed the undersigned law firms Interim Co-Lead Counsel and Liaison Counsel for the Direct Purchaser Plaintiffs. (2:12-md-02311-MOB-MKM, Doc. No. 271). On January 15, 2013, Plaintiff filed a Consolidated Amended Class Action Complaint, which named Nippon Seiki and Denso as additional defendants. (P:12-cv-00201-MOB-MKM, Doc. No. 48).

Defendants moved to dismiss the Consolidated Class Action Complaint on March 26, 2013. (Case No. 2:12-cv-00201-MOB-MKM, Doc. No. 61). The Court denied this motion on April 30, 2014. (2:12-cv-00201-MOB-MKM, Doc. No. 86). On February 25, 2015, after obtaining leave of court, Plaintiff filed the Second Consolidated Amended Class Action Complaint, which added the Continental Defendants. (2:12-cv-00201-MOB-MKM, Doc. Nos. 116 and 117).

## II.    TERMS OF THE SETTLEMENT AGREEMENT

Following protracted settlement negotiations, Direct Purchaser Plaintiff reached a settlement with Yazaki. The Settlement Agreement was consummated only after extensive arms-length negotiations between experienced and sophisticated counsel, which took place over extended periods of time. During the negotiations, the merits of the respective parties' positions were thoroughly discussed and evaluated. Thus, the proposed settlement is based upon the attorneys' full understanding of the strengths and weaknesses of their respective positions.

In sum, the settlement with Yazaki is the result of extensive good faith negotiations, after factual investigation, discovery, and legal analysis, by experienced counsel. Accordingly, Plaintiff believes that the proposed settlement is fair, reasonable, and adequate to the Settlement Classes.

The material terms of the proposed settlements are summarized below.

### A.    The Direct Purchaser Yazaki Settlement Class

Plaintiff and Yazaki seek certification, for purposes of the settlement only, of the following Settlement Class.

2

> All direct purchasers of motor vehicle Instrument Panel Clusters in the United States directly from any of the Defendants (or their controlled subsidiaries, affiliates or joint ventures) from January 1, 1998 through December 27, 2016.

Exhibit 1 at ¶ 8.

For purposes of the Settlement Class definitions, the Defendants are: Yazaki, Nippon Seiki, Denso and Continental. Exhibit 1 at ¶ 3.

### B.      The Settlement Amount

Pursuant to the Settlement Agreement, Yazaki will pay 28% of the Settlement Amount of $7,700,000 (i.e., $2,156,000) into an interest-bearing escrow account within thirty (30) calendar days following entry of an order by the Court preliminarily approving the Yazaki settlement. Exhibit 1 at ¶¶ 11, 23. The Settlement Amount is subject to possible reduction based on valid and timely requests for exclusion.[2] *Id.* at ¶ 26.  Within thirty (30) calendar days after the end of the period to request exclusion from the Settlement Class, Yazaki shall pay the remainder of the Settlement Amount still due after accounting for all valid and timely exclusions. *Id.* at ¶ 23.

### C.      Release

Section C of the Settlement Agreement provides, *inter alia,* for the release by Plaintiff and the other members of the Settlement Class of certain claims against Yazaki concerning sales of Instrument Panel Clusters to customers who purchased those products in the United States directly from a Defendant.

The release specifically exclude certain claims against Yazaki, including claims based upon indirect purchases of Instrument Panel Clusters; claims involving any negligence, personal injury,

---

[2]   Notwithstanding valid and timely opt-outs, the Settlement Amount shall in no event be less than $2,500,000.  Assuming the Court preliminarily approves this proposed settlement, the exact Settlement Amount will be ascertainable after the end of the period to request exclusion from the Settlement Class.  Plaintiff would include that information in its final approval papers.  The details of any reductions to the Settlement Amount are set forth in a confidential letter agreement that will be provided to the Court for *in camera* review upon its request.  Exhibit 1 at ¶ 26.

breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, breach of product warranty, securities, or similar claim related to Instrument Panel Clusters; claims made by any state, state agency, or instrumentality or political subdivision of a state as to government purchases and/or penalties; claims brought outside the United States under United States law relating to purchases of Instrument Panel Clusters outside the United States that could not have been brought in the United States; claims brought under any laws other than those of the United States relating to purchases of Instrument Panel Clusters outside the United States; and claims concerning any product other than Instrument Panel Clusters. Exhibit 1 at ¶ 20.

Moreover, Yazaki's sales to Settlement Class members remain in the case as a potential basis for joint and several liability and damages against other current or future Defendants in the litigation. Exhibit 1 at ¶ 45.

### D.      Cooperation

As part of the Settlement Agreement, Yazaki has agreed to cooperate with Plaintiff in the prosecution of the lawsuit against the non-settling Defendants by providing an attorney proffer of facts known to them regarding documents, witnesses, meetings, communications, agreements with competitors, events, background information and any other relevant topics not covered by privilege or other protections available under any applicable statute or United States law. Exhibit 1 at ¶ 35(a). Yazaki's counsel will make themselves available for reasonable follow-up discussions and will, in good faith, consider requests for new or additional documents. Exhibit 1 at ¶ 35(a). Upon reasonable written request from Settlement Class Counsel, Yazaki agrees to provide an affidavit or declaration attesting to information provided by Yazaki's counsel during the aforementioned attorney proffer. Exhibit 1 at ¶ 35(a).

Additionally, Yazaki agrees to produce through affidavit(s) or declaration(s) and/or at trial, in Settlement Class Counsel's discretion, a representative qualified to authenticate, establish as

business records, or otherwise establish any other necessary foundation for admission into evidence any of Yazaki's Documents and transactional data produced or to be produced, and to the extent possible, any Documents produced by other Defendants or a third-party in this case. Exhibit 1 at ¶ 35(b).

This is a partial settlement of the claims in the Complaint, as it is with Yazaki only. Plaintiff is continuing to prosecute the case against Denso and Continental.

## III. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED

### A. The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001). *See also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F. Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* § 30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006). A proposed settlement falls within the "range of possible

5

approval" under Rule 23(e) where there is a conceivable basis for presuming that the proposed settlement will meet the more rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008). That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors.[3] *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

In the "preliminary approval" step, the Court conducts a "limited inquiry" to determine "whether the proposed settlement has the 'potential' for final approval and to determine whether there is reason enough to notify class members and to proceed with a fairness hearing." *Packaged Ice*, 2010 WL 3070161 at *4 (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)). *See also Berry v. Sch. Dist. of City of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998) ("[T]he court first must determine whether the proposed settlement is potentially approvable."). The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *Telectronics,* 137 F. Supp. 2d at 1026.

### B.     The Proposed Settlement is Fair and Within The Range of Possible Approval.

The settlement provides for a cash payment by Yazaki in the amount of $7,700,000, subject to reduction based on opt-outs. *See* FN. 2, *supra*. The settlement amount reflects information resulting from Settlement Class Counsel's investigation, and constitutes a meaningful recovery considering the facts and circumstances of the case.

---

[3] In *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992), and *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983), the Sixth Circuit Court set forth factors (discussed *infra*) for the district court to consider when exercising its discretion to determine if the settlement is "fair, reasonable and adequate."

Another important aspect of the settlement is the cooperation that Yazaki has agreed to provide. *See, e.g.*, *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 ("Of great importance in the Court's assessment is the provision in the Settlements requiring discovery cooperation of certain Settling Defendants."). Cooperation is a "substantial benefit" to the class when settling with fewer than all defendants. *Linerboard*, 292 F. Supp. 2d at 643. The cooperation to be provided by Yazaki under the Settlement Agreement provides just such a substantial benefit to the class. *In re Packaged Ice Antitrust Litig.*, No. 08-MD–01952, 2011 WL 717519, at *10 (E.D. Mich. Feb. 22, 2011); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) ("the benefit of obtaining the cooperation of the Settling Defendants tends to offset the fact that they would be able to withstand a larger judgment").

Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD-01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07- CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp.2d. 336, 341 (E.D. Pa. 2007).

Because the proposed settlement was negotiated at arm's length by experienced counsel knowledgeable about the facts and the law and is within the range of possible approval, Plaintiff respectfully submits that it merits preliminary approval.

**C.   Consideration of Final Approval Criteria Supports Preliminary Approval.**

As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed settlement. Nevertheless, initial consideration of the final approval factors supports preliminary approval of the settlement.

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and on finding that the settlement is "fair, reasonable, and adequate." *Accord Packaged Ice*, 2011 WL 717519, at *8. Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual for Complex Litig. (Third)* § 30.42 (1995)). This is particularly true in the case of class actions. *Berry,* 184 F.R.D. at 97.

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013)). *Accord Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Vukovich,* 720 F.2d at 921-23); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better

8

served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *see also Sheick v. Auto. Component Carrier LLC,* No. 2:09-cv-14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

Courts in the Sixth Circuit have identified a number of related factors relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8. *Accord Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 10; *UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *Griffin*, 2013 WL 6511860, at *3; *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015). An initial review of the factors supports preliminary approval of the Yazaki settlement.

### 1. The Likelihood of Plaintiff's Success on the Merits Weighed Against the Amount and Form of the Relief Offered in the Settlement Supports Approval.

When considering the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick,* 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015).

Plaintiff is optimistic about the likelihood of ultimate success in this matter, but success is not certain. As noted previously by this Court, success is not guaranteed even in those instances

where a settling defendant has pleaded guilty in a criminal proceeding brought by the Department of Justice, which is not required to prove class-wide impact or damages, both of which require complex, risky and expensive expert analyses. *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11.

Yazaki is represented by highly experienced and competent counsel. Yazaki has denied Plaintiff's allegations of liability and damages and asserted a number of defenses, and Plaintiff believes that Yazaki was prepared to defend this case through trial and appeal, if necessary. Risk is inherent in any litigation, and this is particularly true with respect to class actions. So, while Plaintiff is optimistic about the outcome of this litigation, Plaintiff must acknowledge the risk that Yazaki could prevail with respect to certain legal or factual issues, which could result in reducing or eliminating any potential recovery.

These risks must be weighed against the settlement consideration: a cash payment by Yazaki in the amount of $7,700,000, together with cooperation, both of which are valuable to the Settlement Class members as they continue to litigate against non-settling Defendants. *See Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d 643). Settlement Class Counsel believe that the settlement is an excellent result. Weighing the settlement's benefits against the risks of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9.

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (*quoting Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain

little or no recovery." *Id.* at 523. This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with class actions, which are "inherently complex").

Plaintiff is still litigating with the remaining Defendants, so it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation because of the chance that those Defendants would seek to use any such disclosures against Plaintiff going forward. Settlement Class Counsel believe that at this point it is sufficient to state that complex antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

The proposed settlement eliminates the risks, expense and delay that would otherwise exist with respect to a recovery from Yazaki, ensures a substantial payment to the Settlement Class – $7,700,000 with no opt-out reduction and no less than $2,500,000 irrespective of the number of opt-outs – and provides the Settlement Class with cooperation that will be used to pursue the claims against Denso and Continental. This factor also supports preliminary approval of the proposed settlement.

### 3.     The Judgment of Experienced Counsel Supports Approval.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *see also Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation*, and negotiated this settlement at arm's length with well-respected and experienced counsel for Yazaki. Settlement Class Counsel believe the proposed settlement is a fair and reasonable result.

### 4.   The Amount of Discovery Completed and the Character of the Evidence Uncovered Are Sufficient.

Although there has not been substantial discovery in this litigation, Settlement Class Counsel's thorough factual investigation, coupled with the cooperation provided by Nippon Seiki and the analysis of Yazaki's transactional data by Plaintiff's experts, evinces that the proposed settlement is fair and reasonable.[4] The information from these sources allowed Settlement Class Counsel to evaluate not only the strengths and weaknesses of the legal case, but also the potential value of the promised cooperation. Based on this information, Settlement Class Counsel believe that the proposed settlement with Yazaki is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports both preliminary (and final) approval of the settlements.

### 5.   The Reaction of Class Members.

Presently, the Court cannot assess this factor. But even if there were to be objections, their "existence… does not mean that the settlement is unfair." *Telectronics,* 137 F. Supp. 2d at 1018. A "scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members." *Sheick*, 2010 WL 4136958 at *22; *accord In re*

---

[4] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)).

*Cardizem,* 218 F.R.D. at 527. Settlement Class Counsel will submit to the Court a report on objections or opt-outs, if any, after the applicable deadlines, and prior to the final fairness hearing.

### 6.    The Settlement Agreement is the Product of Arm's-Length Negotiations.

Unless rebutted by evidence to the contrary, there is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26; *Sheick,* 2010 WL 4136958, at *19-20. Settlement Class Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at all times at arm's length with counsel for Yazaki. Consideration of this factor fully supports preliminary approval of the settlement as well.

### 7.    The Settlement is Consistent With the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada*, 962 F.2d at 1205). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiff submits that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

Consideration of the above factors supports preliminary approval of the proposed Yazaki settlement. Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Settlement Class and should be preliminarily approved.

## IV.    PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASS IS WARRANTED

It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, Doc. No.

13

497, at 24. At this juncture, Plaintiff is only seeking provisional certification of the Yazaki Settlement Class to send notice to Settlement Class members. Plaintiff will later seek final approval of the Class for purposes of the settlement. *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17. As with preliminary approval of the settlement, Plaintiff will fully address the factors for final certification for settlement purposes only of the proposed Class. *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[5]

As demonstrated below, this action meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes.

### A.    The Proposed Direct Purchaser Settlement Class Satisfies Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5; *Date,* 2013 WL 3945981, at *3.

### 1.    The Settlement Class is Sufficiently Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict

---

[5] Paragraph 10 of the proposed Preliminary Approval Orders provides that provisional certification of the Settlement Class will be without prejudice to the rights of any defendants to contest certification of any other class proposed in these coordinated actions. *See Packaged Ice*, 2011 WL 717519, at *7.

numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason. *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity). *See also Davidson v. Henkel Corp.,* 302 F.R.D. 427, 441 (E.D. Mich. 2014) (noting it is generally accepted that a class of 40 or more members is sufficient to satisfy the numerosity requirement). Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, hundreds of entities, geographically dispersed throughout the United States, have been identified by Defendants as potential direct purchasers of Instrument Panel Clusters. Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

### 2.    There are Common Questions of Law and Fact.

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class." "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, if "the resolution of [that common issue] will advance the litigation." *Sprague*, 133 F.3d at 397. *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992)). Here, whether Defendants entered into an agreement to artificially fix prices of Instrument Panel Clusters is a factual question common

to all members of the Settlement Classes because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 25. Common legal questions include whether Defendants violated the antitrust laws and the impact on Class members. *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3.    Plaintiff's Claims are Typical of Those of the Settlement Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at * 19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague,* 133 F.3d at 399. Here, Plaintiff's claims arise from the same course of conduct as the claims of the other members of the Settlement Class: the Defendants' alleged violations of the antitrust laws. Plaintiff and the Settlement Class are proceeding on the same legal claim, an alleged violation of Section 1 of the Sherman Antitrust Act. *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

16

### 4. Plaintiff Will Fairly and Adequately Protect the Interests of the Settlement Class.

Fed. R. Civ. P. 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *3 (E.D. Mich. Aug. 02, 2010) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here. The interests of the proposed representative of the Settlement Class, Plaintiff ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman, LLC, are the same as those of other Settlement Class members. Plaintiff is a direct purchaser of Instrument Panel Clusters from a Defendant in the United States. Plaintiff and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy, and seek to prove that Defendants violated the antitrust laws. Plaintiff's interests are thus aligned with those of the Settlement Class.

Moreover, Plaintiff has retained qualified and experienced counsel to pursue this action.[6] Settlement Class Counsel vigorously represented Plaintiff and the Settlement Class in the settlement negotiations with Yazaki and has vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

---

[6] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class. The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman Kodroff & Willis, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* Direct Purchaser cases. They submit that, for the same reasons that the Court appointed them to that position, their appointment as Settlement Class Counsel is appropriate.

17

**B.     Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes.**

In addition to satisfying Rule 23(a), Plaintiff must show that the putative class falls under at least one of the three subsections of Fed. R. Civ. P. 23(b). Here, the Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

### 1.     Common Legal and Factual Questions Predominate.

The Rule 23(b)(3) requirement that common issues predominate insures that a proposed class is "sufficiently cohesive to warrant certification." *Amchem*, 521 U.S. at 623. The requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question. *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 27; *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010). Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members' . . . . Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied." 527 F.3d at 535 (emphasis in original).

18

In this case the same set of core operative facts and theory of liability apply across the Yazaki Settlement Class. As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Instrument Panel Clusters is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects. *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6. If Plaintiff and the other members of the Settlement Class were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability. Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.     A Class Action is Superior to Other Methods of Adjudication.

Fed. R. Civ. P. 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Instrument Panel Clusters litigation has been centralized in this Court. If a Settlement Class member wants to control its own litigation, it can request exclusion from the Settlement Class. Thus, consideration of the first three factors demonstrates the superiority of a class action.

With respect to the fourth factor, in *Amchem,* 521 U.S. at 620, the Supreme Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial because the idea is that the settlement will end the litigation without a trial. *See Cardizem,* 218 F.R.D. at 517.

19

In addition, even though the Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own." *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)). Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Settlement Classes. *E.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury."). The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive. *In re NASDAQ Market-Makers Antitrust Litig*., 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the settlement, and provisionally certify the Yazaki Settlement Class.

DATED: March 8, 2017                    Respectfully submitted,

   /s/David H. Fink              
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiff*

20

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | One South Broad Street, Suite 2100 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19107 |
| Bannockburn, IL  60015 | Telephone: (215) 238-1700 |
| Telephone: (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | SPECTOR ROSEMAN KODROFF |
|   & PACHIOS LLP |   & WILLIS, P.C. |
| One City Center, P.O. Box 9546 | 1818 Market Street, Suite 2500 |
| Portland, ME  04112-9546 | Philadelphia, PA  19103 |
| Telephone: (207) 791-3000 | Telephone: (215) 496-0300 |

*Interim Lead Counsel for the Direct Purchaser Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2017, I electronically filed the foregoing paper with the

Clerk of the court using the ECF system which will send notification of such filing to all counsel

of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
(248) 971-2500
nfink@finkandassociateslaw.com