UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Case No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: INSTRUMENT PANEL CLUSTERS | |
| THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00201-MOB-MKM |

**SETTLEMENT CLASS COUNSEL'S REPORT ON DISSEMINATION
OF NOTICE OF PROPOSED SETTLEMENT WITH YAZAKI
DEFENDANTS AND CLASS MEMBERS' RESPONSE**

Settlement Class Counsel submit the following report concerning the dissemination of notice pursuant to this Court's Order dated, November 29, 2017 (2:12-cv-00201, Doc. No. 178) (the "Notice Order"), and Settlement Class members' response to the notice program. As described more fully below, notice was mailed to 351 potential Settlement Class members and published in accordance with the Notice Order. Three requests for exclusion from the Settlement Class were timely submitted. As a result of these requests for exclusion, the Settlement Amount has been reduced to $2,500,000. No objections were filed to either the proposed settlement or to Settlement Class Counsel's request to use 20% of the settlement proceeds for litigation expenses.

Settlement Class Counsel respectfully submit that the extremely low number of opt-outs and the complete absence of objections militate strongly in favor of approval of the proposed settlement and the request for litigation expenses.

## I.     DISSEMINATION OF NOTICE TO THE CLASSES

Pursuant to the Court's Notice Order, on December 13, 2017, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Notice and Claims Administrator retained by Direct Purchaser Plaintiff, mailed 351 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action with Yazaki Defendants and Hearing on Settlement Approval (the "Notice") to potential Settlement Class members by first class mail, postage prepaid.  *See* Exhibit 1 (Declaration of David Garcia Re Dissemination of Notice of Proposed Settlement With Yazaki Defendants) at ¶ 6.  Epiq also re-mailed the Notice to potential Settlement Class members whose initial Notice had been returned and for which updated addresses were obtained.  *Id*. at ¶ 7.  In addition, a copy of the Notice was (and remains) posted online at www.AutoPartsAntitrustLitigation.com/ipc, a website dedicated to this litigation.  *Id*. at ¶ 9.  Also in accordance with the Notice Order, the Summary Notice of Proposed Settlement of Direct Purchaser Class Action with Yazaki Defendants and Hearing on Settlement Approval was published in the national edition of *The Wall Street Journal* and in *Automotive News* on December 18, 2017.  *Id*. at ¶ 8.

Notice to the Yazaki Settlement Class under Fed. R. Civ. P. 23 has, therefore, been provided as ordered by the Court.

## II.    ABSENCE OF OBJECTIONS TO THE PROPOSED SETTLEMENT OR REQUEST FOR LITIGATION EXPENSES

The Notice advised that any objection to the proposed settlement or to Settlement Class Counsel's request litigation expenses had to be filed with the Clerk by February 5, 2018, with copies mailed to Settlement Class Counsel and to Yazaki's counsel.

As of the date of the filing of this Report, no objection to either the proposed settlement or to the expense request has been filed with the Court or received by Settlement Class Counsel.

### III. REQUESTS FOR EXCLUSION

The Notice further advised that requests for exclusion from the Yazaki Settlement Class had to be mailed to Settlement Class Counsel and to counsel for Yazaki, postmarked no later than February 5, 2018. Three requests for exclusion from the Settlement Class were timely submitted and have been received by Settlement Class Counsel as of this date. Exhibit 1 at ¶ 11. *See also* Exhibit 2. Pursuant to the Settlement Agreement, and as set forth in the preliminary approval motion, the Final Approval Memo, and the Notice, the settlement provided that the Yazaki Defendants would pay $7,700,000 to the Yazaki Settlement Class, subject to a reduction due to opt-outs. As a result of the opt-outs, the Settlement Amount has been reduced to $2,500,000.

Settlement Class Counsel respectfully submit that, for the reasons set forth in the Final Approval Memo, the Yazaki settlement, which provides for the payment of $2,500,000 and substantial cooperation by Yazaki, is fair, reasonable and adequate under the relevant criteria, and warrants final approval.

### IV. THE REACTION OF MEMBERS OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND THE REQUEST FOR LITIGATION EXPENSES

The reaction of the class has been recognized repeatedly by courts within this Circuit and elsewhere as a factor in evaluating the fairness, reasonableness, and adequacy of a proposed settlement. *See, e.g., Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *22 (E.D. Mich. Oct. 18, 2010) ("scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."); *In re*

3

*Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 499 (E.D. Mich. 2008) (small number of opt-outs or objections is indicative of the adequacy of the settlement).

Individual notice of the proposed settlement was mailed to 351 potential Settlement Class members identified by Defendants, published in *Automotive News* and in *The Wall Street Journal,* and posted on-line. The low number of opt-outs and total absence of objections militates strongly in favor of approval of the proposed settlement and the request for litigation expenses.

**V.     CONCLUSION**

Based upon the foregoing, and for the reasons set forth in Direct Purchaser Plaintiff's Final Approval Brief, it is respectfully requested that the Court grant final approval of both the proposed Yazaki settlement and the request for litigation expenses.

DATED: March 2, 2018                                                    Respectfully submitted,

 /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel*

4

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone: (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone: (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone: (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN & KODROFF, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone: (215) 496-0300 |

*Interim Co-Lead Class Counsel and Settlement Class Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2018, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

              FINK + ASSOCIATES LAW

              By: /s/Nathan J. Fink
              David H. Fink (P28235)
              Darryl Bressack (P67820)
              Nathan J. Fink (P75185)
              38500 Woodward Ave; Suite 350
              Bloomfield Hills, MI 48304
              Telephone: (248) 971-2500
              nfink@finkandassociateslaw.com